[Crim. No. 3080.   First Dist., Div. Two.   June 20, 1955.]

THE PEOPLE, Respondent, v. BENNIE BROOKINS, Appellant.

Louis S. Katz for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and John S. McInerny, Deputy Attorney General, for Respondent.

NOURSE, P. J.—The appeal is from a judgment following an order denying defendant's motion for leave to withdraw his plea of guilty and to enter a new plea of not guilty. Judgment on the guilty plea was duly entered.

Defendant and one other were charged with vagrancy. During the hearing in the municipal court it developed that the arresting officers saw a small package drop from one of the defendants to the sidewalk. On examination this proved to be a bindle of heroin. Defendants were thereupon charged with a felony—a violation of section 11500 of the Health and Safety Code. After a partial hearing the defendant pleaded guilty and was certified to the superior court for sentence.

When appellant and his codefendant were arraigned on the narcotics charge both were represented by counsel. With the concurrence of his counsel appellant voluntarily withdrew his plea of not guilty and voluntarily pleaded guilty. Thereupon the vagrancy charge was dismissed as to both defendants, and the felony charge was dismissed as to the codefendant. When he appeared for sentence the appellant, still represented by counsel, and, against the advice of counsel, made a motion, in propria persona, for leave to withdraw his former plea and to plead not guilty. His motion was fully heard, and denied. Thereafter the appellant, through his new counsel, again moved for leave to withdraw his former plea. This motion was fully heard and the court permitted appellant to present a mass of incompetent and irrelevant testimony, or statements, and again denied the motion. The judgment appealed from followed.

It would serve no good purpose to review this testimony. All that it really showed was that appellant was a repeated loser, that he had been in the criminal courts on numerous

criminal charges, and was fully aware of the meaning and consequences of his guilty plea.

Appellant argues that he was not properly or adequately represented by counsel. The record shows that, at all stages of the proceedings in the municipal court, he was represented by counsel except on the one occasion when, at his own request, and contrary to the advice of counsel then representing him, he moved to withdraw his plea. The record shows that, at all times in the superior court, he was duly and properly represented by counsel, except on the one occasion contrary to the advice of counsel he personally made the motion to set aside the plea. His argument here is based wholly on unfair references to some of the proceedings in the municipal court relating solely to the vagrancy charge. Since that charge was dismissed he has no complaint here.

The argument that the corpus delicti had not been proved because there was no evidence of the contents of the package is not sound. When the prosecutor asked for a continuance in order to bring in the official chemist, the defendant pleaded guilty. He thus admitted the corpus delicti and no proof was necessary.

The contention that the trial court abused its discretion in denying the motion to withdraw the guilty plea is frivolous. The evidence here shows that appellant was well aware of what his plea of guilty meant and that he made the plea contrary to the advice of his counsel and without any unfair promises or inducements. There is no merit in any of the arguments made by appellant.

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 20, 1955.